**THE MORROW FIRM P.C.**
Xinlin Li Morrow (SBN 281707)
100 Bayview Cir, Suite 100
Newport Beach, CA 92660
Telephone: (213) 282-8166

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Asmoke USA, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>YCY International Logistics, Inc., a California Corporation,<br><br>Defendant. | Case No. 8:23-cv-00746<br><br>**COMPLAINT FOR**<br>  (1) **BREACH OF CONTRACT**<br>  (2) **DECLARATORY JUDGMENT**<br>  (3) **CONVERSION; AND**<br>  (4) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff Asmoke USA, LLC ("**Plaintiff**" or "Asmoke USA"), by and through attorney of record, asserts the following claims and causes of action against defendants YCY International Logistics, Inc. ("**Defendant**" or "YCY"):

## PARTIES

1. Plaintiff Asmoke USA, LLC is a Delaware Limited Liability Company. Asmoke USA is a seller of barbeque grills.

2. Defendant YCY International Logistics, Inc. is a California corporation. YCY offers warehousing and order fulfillment services in California.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action because the amount in controversy exceeds $75,000 and because Plaintiff is a citizen of Texas and China and Defendant is a citizen of California.

4. The Court has personal jurisdiction over Defendant YCY because YCY is incorporated in California with its principal place of business in Orange County and San Bernardino County, both in this judicial district.

5. Venue is proper in this Court because Defendant YCY is located in this judicial district.

## FACTUAL BACKGROUND

6. On or around July 2021, YCY began providing warehousing and order fulfillment services for Asmoke USA from YCY's warehouse in San Bernardino County, California.

7. YCY never asked Asmoke USA to sign any written lease or service agreement.

8. YCY issued invoices to Asmoke periodically but the parties had no written or verbal agreement as to timing and payment terms of invoices. Generally, YCY issued invoices about four to nine months after services. Asmoke USA then reviewed invoices for inconsistencies. When there were inconsistencies, YCY revised its invoices.

9. Starting in April 2022, YCY periodically refused fulfilling orders for Asmoke USA. Asmoke USA has lost significant sales and customer accounts due to YCY's refusal and failure to fulfill orders.

10. On or around February 10, 11, and 25, 2023, YCY emailed Asmoke USA to ask for full payment several times. Asmoke USA had not yet completed its review of the invoices.

11. On or around March 9, 2023, YCY's attorney sent a letter to Asmoke USA claiming if Asmoke USA did not pay the alleged amounts due under the 2022 invoices *and* the January and February 2023 invoices[1] by March 21, 2023, YCY would sell Asmoke USA's goods stored at YCY's warehouse (which are worth approximately $4 million) at a public auction on March 28, 2023 to satisfy the amounts due (which are alleged to be $554,917.29 in total). But the alleged amounts due include erroneously-calculated "late fees" that were calculated from the date of service as opposed to the invoice due dates.

12. On March 18, 2023, more than one week after YCY threatened to auction off Asmoke USA's goods stored in YCY's warehouse, YCY provided the full itemized invoices for January and February 2023 invoices to Asmoke USA.

13. For most of March 2023, the parties' attorneys had been engaged in business negotiations over the payment terms of the invoices.

14. After about one month of silence, on or around April 25, 2023, YCY sent another notice threatening public sale of certain Asmoke USA's goods worth approximately $3,854,920.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

---

[1] Asmoke USA had not received the full itemized invoices for January and February 2023 per the parties' practice by the time of this letter yet.

16. Beginning in or around July 2021, Asmoke USA and YCY entered into a verbal agreement.

17. Under the verbal agreement, YCY provided warehousing and order fulfillment services to Asmoke USA for a fee. The agreement has no specific provision on when invoices are issued and payment terms once the invoices are issued.

18. YCY has materially breached the parties' agreement by refusing and/or failing to provide order fulfillment services to Asmoke USA.

19. Until YCY's material breach, Asmoke USA has performed all of the terms, conditions, covenants, and promises required in accordance with the terms and conditions of the parties' agreement.

20. As a direct and proximate result of YCY's breach of contract, Asmoke USA has suffered damages in an amount subject to proof at trial, but estimated at no less than approximately $1.1 million.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT

21. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

22. Asmoke USA has not breached the verbal agreement with YCY or is excused from performance.

## THIRD CAUSE OF ACTION
## CONVERSION

23. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

24. Asmoke USA owns and has a right of possession of its goods stored in YCY's warehouse. The goods are worth approximately $4 million.

25. YCY substantially interfered with Asmoke USA's property by knowingly or intentionally preventing Asmoke USA from having access to Asmoke USA's goods stored in YCY's warehouse.

26. Asmoke USA did not consent and was harmed.

27. YCY's conduct was a substantial factor in causing Asmoke USA's harm.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

28. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

29. Asmoke USA had a contract to fulfill orders with each of its customers such as retailers of barbeque grills.

30. YCY knew of the contracts.

31. YCY's refusal and failure to fulfill orders for Asmoke USA prevented Asmoke USA's performance under these contracts.

32. YCY intended to disrupt the performance of these contracts or knew that disruption of performance was certain or substantially certain to occur.

33. Asmoke USA was harmed.

34. YCY's conduct was a substantial factor in causing Asmoke USA's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and order the following relief:

A. For compensatory and consequential damages in an amount according to proof but in no event less than $1.1 million.

B. For punitive and exemplary damages.

C. For injunctive relief enjoining Defendant from selling Plaintiff's goods.

D. For plaintiff's cost and attorney's fees incurred in this action.

E.  For such further relief as the Court deems just and equitable.

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  April 29, 2023                    Respectfully submitted,

                                                            The Morrow Firm, P.C.

                                                            By:  */s/ Xinlin Li Morrow*
                                                                     Xinlin Li Morrow

                                                            *Attorney for Plaintiff*